# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **FRANK ADAMS,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 23-cv-4785 |
| § | |
| **EDWARD CONSTANTIN, a/k/a** § | |
| **EDWARD CONSTANTINESCU,** § | |
| *Defendant.* § | |

## COMPLAINT

COMES NOW, Plaintiff, FRANK ADAMS, and files this original complaint against EDWARD CONSTANTIN a/k/a EDWARD CONSTANTINESCU, and in support of Plaintiff's causes of action would show as follows:

## PARTIES

Plaintiff, Frank Adams (hereafter "Adams" or "Plaintiff"), is an individual residing in Winnetka, Illinois.

Defendant, Edward Constantin a/k/a Edward Constantinescu ("Constantin" or "Defendant"), an individual, may be served with process at his usual place of abode in Montgomery County, Texas at 142 Bentwater Bay Drive, Montgomery, Texas 77356, or wherever he may be found.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. As the amount in controversy exceeds $75,000 and the Plaintiff and Defendant are both domiciled in different states. The

Plaintiff is domiciled in Illinois. Defendant is domiciled in Texas. Therefore, the parties at issue are completely diverse.

## **FACTS**

Throughout 2021, Frank Adams was an active stock trader. Through social media, Adams was introduced to Edward Constantin who on Twitter, went by the name "@MrZackMorris." Constantin was part of FinTwit, which stands for Financial Twitter. It's a very active and usually very helpful community of generally amateur investors who post their ideas, due diligence, and research, onto Twitter for all to see.

Constantin was part of a gang that would post what they believed were hot stocks going up in price. The individuals in the gang had thousands of followers; they would agree on a stock they wanted to "pump" – drive up the price. They would buy early at a lower price and then, after making their recommendations to followers on social media and on podcasts, they would increase demand and the stock price would rise. Undisclosed to followers was that the individuals pumping up the price were actually "dumping" the stock after the price reached a certain higher level.

By getting out when the price was high, Constantin was able to make huge amounts of money while individuals such as Adams were left holding the bag. A "pump and dump" scheme such as this results in a stock going up in price rather quickly because of market manipulation and then going down quickly because of the orchestrated sell-off. Only those in on the scheme usually profit and, in the case of Adams, he lost approximately $250,000 on stocks recommended by Constantin. The stocks that were "pumped and dumped" by Constantin in 2021 that were purchased by Adams were WISH and CEI.

## COUNT 1 – FRAUD BY NONDISCLOSURE

Defendant failed to disclose material facts related to stocks he was recommending to followers on social media.

Defendant had a duty to disclose the information to Plaintiff because the information was new, and it made Defendant's earlier representation to Plaintiff false and misleading. Defendant was only recommending that stocks be bought while never disclosing his plan to sell when the stock reached a certain price.

The information was material because Plaintiff would not have bought and held on to a stock if he knew Defendant was part of a scheme to manipulate the stock and sell when it reached a certain higher price.

Defendant knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth. Defendant's social media followers were never informed about the scheme.

Defendant deliberately remained silent and did not disclose the information to Plaintiff.

By deliberately remaining silent, Defendant intended for Plaintiff to act without the information.

Plaintiff relied on Defendant's deliberate silence.

By deliberately remaining silent, Defendant directly and proximately caused injury to Plaintiff, which resulted in him losing approximately $250,000 on stocks recommended by Defendant.

Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

**Exemplary Damages**. Plaintiff's injuries resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice &

Remedies Code section 41.003(a).

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

For these reasons, Adams asks that the Court issue citation for Constantin to appear and answer, and that Adams be awarded a judgment against Constantin for the following:

a. Actual damages;

b. Exemplary damages;

c. Prejudgment and post judgment interest;

d. Court costs;

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**LAW OFFICE OF CHRIS BELL**

By: /s/ *Chris Bell*
**Chris Bell**
Texas Bar No. 00783631
808 Travis, Suite 400
Houston, Texas 77008
Tel. (713) 489-1211
Fax. (713) 583-5282
cbell@chrisbellpc.com

**ATTORNEY FOR PLAINTIFF**
**FRANK ADAMS**

4