United States District Court
Southern District of Texas
**ENTERED**
June 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-4785 |
| | § | |
| EDWARD CONSTANTIN, a/k/a | § | |
| EDWARD CONSTANTINESCU, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank Adams ("Adams"), initiated this action on December 21, 2023, by filing a Complaint asserting a single claim against defendant, Edward Constantin, a/k/a Edward Constantinescu ("Constantin"), for fraud by non-disclosure under the common law of Texas.[1]  Pending before the court are two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for failure to plead fraud with particularity: Docket Entry No. 13 filed on May 10, 2024, and Docket Entry No. 14 filed on June 7, 2024.  The motion to dismiss filed on May 10, 2024, will be granted because Plaintiff has failed to plead fraud with particularity.  Because the motion to dismiss filed on May 10, 2024, will be granted, the motion to dismiss filed on June 7, 2024, will be denied as moot.

---

[1] Complaint, Docket Entry No. 1, p. 3 (citing Texas Civil Practice and Remedies Code).  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

## I. **Factual Allegations**

Adams alleges that throughout 2021 he was an active stock trader who was introduced to Constantin who went by the name "@MrZackMorris" on Twitter.  Adams alleges that Constantin was part of a gang that orchestrated a pump-and-dump scheme pursuant to which gang members agreed to buy shares of a stock that they wanted to "pump," _i.e.,_ drive up the price, gang members would recommend the stock to their followers on social media whose purchases of the stock would drive up the stock price, and once the price reached a certain level, gang members would sell, _i.e.,_ dump their stock without telling their social media followers.  Adams alleges that Constantin profited from selling the pumped stock when the price was high, while Adams lost approximately $250,000.00 by purchasing stocks that Constantin recommended.

## II. **Standard of Review**

Asserting that Adams' Complaint alleges a claim for fraud but fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), Constantin argues that Adams' Complaint should be dismissed with prejudice and final judgment entered pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted.[2]  Although

---

[2]Defendant Edward Constantinescu's Motion to Dismiss ("Defendant's Motion to Dismiss"), Docket Entry No. 13, pp. 5-6.

-2-

Constantin filed his initial motion to dismiss on May 10, 2024, and Adams' response was due on May 31, 2024,[3] Adams has not responded to Constantin's motion.  Local Rule 7.4 states that "[f]ailure to respond to a motion will be taken as a representation of no opposition."  The Fifth Circuit has held that a proper sanction for failure to respond to a motion to dismiss is for the court to decide the motion on the papers before it.  Ramsay v. Bailey, 531 F.2d 706, 709 n. 2 (5th Cir. 1976)(per curiam), cert. denied, 97 S. Ct. 1139 (1977).


**A.    Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct.

---

[3]Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A).

1955, 1974 (2007).   "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
(2009) (citing Twombly, 127 S. Ct. at 1965).  "Where a complaint
pleads facts that are 'merely consistent with' a defendant's
liability, it 'stops short of the line between possibility and
plausibility of entitlement to relief.'"  Id. (quoting Twombly, 127
S. Ct. at 1966).

**B.   Federal Rule of Civil Procedure 9(b)**

Rule 9(b) provides that "[i]n alleging fraud or mistake, a
party must state with particularity the circumstances constituting
fraud or mistake.  Malice, intent, knowledge, and other conditions
of a person's mind may be alleged generally."  Fed. R. Civ. P.
9(b).  Rule 9(b)'s heightened pleading requirements apply to all
fraud claims regardless of whether based on state law.  See Dorsey
v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008)
("[S]tate-law fraud claims are subject to the pleading requirements
of Rule 9(b).).  See also Williams v. WMX Technologies, Inc., 112
F.3d 175, 177 (5th Cir.), cert. denied, 118 S. Ct. 412 (1997) ("We
see no principled reason why the state claims of fraud should
escape the pleading requirements of the federal rules . . .").

-4-

Pleading fraud with particularity in this circuit requires "the particulars of 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting Tel-Phonic Services, Inc. v. TBS International, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992)). See also Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting United States ex rel. Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370, 381 (5th Cir. 2004) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.")). "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." Southland Securities Corp. v. INSpire Insurance Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (quoting Shushany v. Allwaste, Inc., 992 F.2d 517, 520 (5th Cir. 1993)).

## III.  **Analysis**

Constantin argues that this action should be dismissed with prejudice for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) because Adams "alleges a

-5-

single count of fraud by non-disclosure but makes no allegations as to what duty Constantin[] owed to Plaintiff or what Constantin[ was] obligated to disclose to him."[4]  Constantin argues that

> [t]he Complaint does not even attempt to satisfy the heightened pleading standard under Rule 9(b) . . .  For example, nowhere in the Complaint does the Plaintiff allege a specific statement that was supposedly misleading, nor does the Complaint allege any disclosure obligation.  It fails to provide any of the who, what, why, when, and how required by Rule 9(b). As critically, no set of facts was plead . . . establishing any duty between Constantinescu and a random individual who followed his public twitter page.  For these reasons, the Complaint must be dismissed with prejudice.[5]

## A.    Applicable Law

"Fraud by non-disclosure, a subcategory of fraud [under Texas law], occurs when a party has a duty to disclose certain information and fails to disclose it."  Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC, 572 S.W.3d 213, 219 (Tex. 2019) (citing Schlumberger Technology Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997)).

> To establish fraud by non-disclosure, the plaintiff must show: (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts to the plaintiff; (3) the plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff relied on the non-disclosure, which resulted in injury.

---

[4]Defendant's Motion to Dismiss, Docket Entry No. 13, p. 5.

[5]Id. at 5-6.

-6-

Id. at 219-20 (citing Bradford v. Vento, 48 S.W.3d 749, 754-55 (Tex. 2001)).  See also Dorsey, 540 F.3d at 341 (citing Bradford, 48 S.W.3d at 754-55, for stating the elements of a claim for common-law fraud by nondisclosure under Texas law).  "In general, there is no duty to disclose without evidence of a confidential or fiduciary relationship."  Bombardier, 572 S.W.3d at 220 (citing Insurance Company of North America v. Morris, 981 S.W.2d 667, 674 (Tex. 1998)).

> The duty to disclose may arise (1) when the parties have a confidential or fiduciary relationship, (2) when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth, (3) when one party makes a representation, which gives rise to the duty to disclose new information that the party is aware makes the earlier representation misleading or untrue, or (4) when one party makes a partial disclosure and conveys a false impression, which gives rise to the duty to speak.

Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, LTD., 237 S.W.3d 379, 385 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing inter alia, Morris, 981 S.W.2d at 674).


**B.   Application of the Law to the Allegations**

Adams' claim for fraud by non-disclosure is based on allegations that

> Defendant failed to disclose material facts related to stocks he was recommending to followers on social media.

> Defendant had a duty to disclose the information to Plaintiff because the information was new, and it made Defendant's earlier representation to Plaintiff false and misleading.  Defendant was only recommending that stocks he bought while never disclosing his plan to sell when the stock reached a certain price.

-7-

> The information was material because Plaintiff would not have bought and held on to a stock if he knew Defendant was part of a scheme to manipulate the stock and sell when it reached a certain higher price.
>
> Defendant knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth.  Defendant's social media followers were never informed about the scheme.
>
> Defendant deliberately remained silent and did not disclose the information to Plaintiff.
>
> By deliberately remaining silent, Defendant intended for Plaintiff to act without the information.
>
> Plaintiff relied on Defendant's deliberate silence.
>
> By deliberately remaining silent, Defendant directly and proximately caused injury to Plaintiff, which resulted in him losing approximately $250,000 on stocks recommended by Defendant.[6]

Adams alleges that Constantin's "plan to sell when [a] stock reached a certain price"[7] was new information that made his "earlier representation to Plaintiff false and misleading,"[8] but Adams fails to allege facts about any of Constantin's earlier representations, when they were made, or how Adams relied upon them.  Nor does Adams allege any facts that, if true, would give rise to a duty of disclosure running from Constantin to Adams. Adams' Complaint does not allege facts capable of establishing that he and Constantin had a confidential or fiduciary relationship, or that Constantin made statements that gave rise to a duty of

---

[6]Complaint, Docket Entry No. 1, p. 3.

[7]Id.

[8]Id.

-8-

disclosure.   Because Adams' Complaint fails to allege the who, what, when, where, how, or why of the alleged fraud as required by Federal Rule of Civil Procedure 9(b), Adams' Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Southland Securities, 365 F.3d at 361.   The court concludes therefore that Constantin's Motion to Dismiss should be granted.

## IV.   Conclusions and Order

Because the court has concluded that Adams has failed to plead his claim for fraud by non-disclosure with particularity as required by Federal Rule of Civil Procedure 9(b) and that his Complaint is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted, Defendant Edward Constantinescu's Motion to Dismiss, Docket Entry No. 13, is **GRANTED.**

Because the court has granted the first motion to dismiss that Constantin filed on May 10, 2024, the second motion to dismiss that Constantin filed on June 7, 2024, i.e., Defendant Edward Constantinescu's Motion to Dismiss, Docket Entry No. 14, is **DENIED as MOOT**

**SIGNED** at Houston, Texas, on this the 17th day of June, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-9-